### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**                                                                          **NO. 3:22-CR-33-3**

**MARISSA ELLIS**

### ORDER

On March 22, 2022, Marissa Ellis and two other individuals were named in a multicount indictment. Doc. #1. Ellis is named only in Count Three, which charges her and two others with knowingly distributing methamphetamine. *Id.* at 2.

On August 29, 2022, the government moved for leave to dismiss with prejudice Count Three of the indictment against Ellis. Doc. #69. As cause, the government represents that "[d]uring the pendency of this case, [it] has become concerned about [Ellis'] knowledge of what was in the package [at issue], which is an element of the offense," and consequently "has decided not to move forward on the prosecution of [Ellis]." *Id.* at 1–2.

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." "This 'leave of court' requirement has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (internal quotation marks omitted). However, this discretion must be exercised with a view to the rule's purpose—"to protect the defendant against prosecutorial harassment." *Id.*

Generally, a motion for leave to dismiss "should be granted unless the trial court has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary

to the public interest."  *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (internal quotation marks omitted); *see United States v. Hughes*, 726 F.3d 656, 663 (5th Cir. 2013) ("The termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.").  "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons – reasons that constitute more than a mere conclusory interest."  *Salinas*, 693 F.2d at 352 (cleaned up).

Here, the government's proffered reason for dismissal—concern for its ability to prove an element of the offense—is sufficient.  Accordingly, the motion for leave to dismiss [69] is **GRANTED**.  Count Three of the indictment against Marissa Ellis in this case is **DISMISSED with prejudice**.

**SO ORDERED**, this 30th day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**